

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-17-463

| | |
|---|---|
| SABREANN BAXTER | Opinion Delivered: October 4, 2017 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, ELEVENTH DIVISION |
| V. | [NO. 60JV-16-229] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD | HONORABLE PATRICIA JAMES, JUDGE |
| APPELLEES | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**DAVID M. GLOVER, Judge**

Sabreann Baxter appeals from the termination of her parental rights to her son, J.B. Her counsel has filed a motion to withdraw and an accompanying brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i). In it, counsel asserts that she has made a conscientious review of the record and applicable law in this case and found no meritorious issues that could arguably support the appeal. The clerk of our court sent copies of the brief and motion to Ms. Baxter, informing her that she had the right to file pro se points for reversal. She has done so, and the Department of Human Services (DHS) and counsel for the child have jointly responded, explaining why her points do not support a meritorious appeal of the termination. We affirm the termination of Ms. Baxter's parental rights and grant her counsel's motion to withdraw.

Our court reviews termination cases de novo, and we will not reverse the trial court unless its findings are clearly erroneous. *Ford v. Arkansas Dep't of Human Servs*, 2017 Ark. App. 211. At least one statutory ground for termination must exist, in addition to a finding that it is in the child's best interest to terminate parental rights, and these bases must be proved by clear and convincing evidence. *Id.* Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. *Id.* The appellate inquiry is whether the trial court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.*

In reviewing the record, counsel reports that there was only one adverse ruling, which was the termination itself, and that it does not provide an arguable basis for reversal. We agree.

J.B. was taken into emergency custody at the time of his birth because he tested positive for methamphetamine. Ms. Baxter admitted at that time she had a long-time problem with methamphetamine. Her two-year-old child was already in her mother's custody.

The probable-cause hearing was held on February 22, 2016, the adjudication hearing on April 6, 2016, and a review hearing on August 8, 2016. Ms. Baxter was not present for any of those hearings. At the August 8 review hearing, the trial court noted that the maternal grandmother had changed her mind about being considered for placement and set the concurrent goal of adoption and reunification. DHS was authorized to file a termination

petition, which was done on December 15, 2016. The grounds alleged in the petition were 1) subsequent factors, Ark. Code Ann. § 9-27-341(b)(3)(B)(vii); 2) abandonment, Ark. Code Ann. § 9-27-341(b)(3)(B)(iv); and 3) aggravated circumstances, Ark. Code Ann. § 9-27-341(b)(3)(B)(ix), along with the assertion that it was in the child's best interest to terminate Ms. Baxter's parental rights.

On February 6, 2017, a permanency-planning/termination hearing was held, and this was the first time Ms. Baxter appeared. She was brought to the hearing from the Arkansas Department of Correction.

An adoption specialist, who had also been the caseworker assigned to the case, testified that J.B. had been in DHS custody since his birth based on a positive test for methamphetamine; that the termination hearing was the first hearing Ms. Baxter had attended; that there had been no visitation with Ms. Baxter, much less any trial placements; that she had continued to submit referrals for Ms. Baxter for psychological evaluation, parenting classes, individual counseling, and drug-and-alcohol assessment because those services had been ordered by the court, but she had had no way of notifying Ms. Baxter of the referrals; that Ms. Baxter had not completed any of the services offered by DHS; and that it was her opinion it was in J.B.'s best interest to terminate because he needed stability and Ms. Baxter had had no contact with him or DHS during the pendency of the case. She further testified that J.B. was adoptable based on her data-match search and that his medical issues did not pose a problem in that regard.

Ms. Baxter also testified. She acknowledged that not only was she currently incarcerated but that she was also facing new felony-drug charges, and she was not sure what

the outcome of those charges would be. She stated that she had not contacted DHS until she was served with the termination papers because that was the first time she had an address or phone number; that she wrote a letter because she did not have money or a phone number for a phone call; that she had been in contact with her mother, who had custody of her other child, and that her mother had advised her to give up J.B. for adoption; that she had been stressed out and depressed; that she was now willing to do anything to get the help she needs; that she was homeless, had a bad drug addiction, had been arrested three or four times since J.B. was taken into custody, and had not participated in any sort of drug therapy; and that although she had enrolled in parenting classes while in prison, she had not completed them.

J.B.'s foster mother testified that his medical issues included aspirating and some hearing issues; that he attends occupational-speech- and cognitive-therapy classes and developmental preschool; and that he requires numerous medical visits and is on medication but was a happy baby.

Following the termination hearing, the trial court terminated Ms. Baxter's parental rights, concluding that DHS had proved the grounds of subsequent factors, abandonment, and aggravated circumstances. The trial court further found that it was in J.B.'s best interest to terminate Ms. Baxter's parental rights.

While the trial court found three statutory grounds for termination, it is well settled that only one ground is sufficient. *Ford, supra*. Counsel has focused on the trial court's finding of "subsequent factors," and we will, too. "Subsequent factors" requires that issues arose after the original petition was filed, that appropriate family services were offered, and that

the parent is either indifferent or lacks the capacity to remedy the subsequent factors or rehabilitate his or her circumstances. Ark. Code Ann. § 9-27-341(b)(3)(B)(vii). The trial court was presented with evidence that Ms. Baxter had not appeared at any of the hearings that preceded the termination hearing, that she had not attempted to contact DHS until served with termination papers, that DHS had made numerous attempts to contact Ms. Baxter, that she had made no efforts to participate in or comply with the court's orders, that she was arrested several times after J.B. had been taken into custody, and that she was currently incarcerated and was also facing additional charges. The caseworker testified that despite Ms. Baxter's lack of contact and participation, the caseworker had persisted in making referrals for her. In addition, Ms. Baxter acknowledged that she had contact with her mother, who had given her information about the case, but that she had not made contact with DHS, claiming that even when she was not in jail, she was homeless, too depressed, and too addicted to address her problems and regain custody of J.B. We are not left with a definite and firm conviction that the trial court made a mistake in finding that DHS had proved the subsequent-factors statutory ground for termination.

In addition, the trial court found it was in J.B.'s best interest to terminate Ms. Baxter's parental rights. A best-interest finding must be based on the trial court's consideration of at least two factors: 1) the likelihood that if parental rights are terminated, the child will be adopted, and 2) the potential harm caused by continuing contact with the parent. *Smith v. Arkansas Dep't of Human Servs.*, 2017 Ark. App. 368, ___ S.W.3d ___. It is the overall evidence—not proof of each factor—that must demonstrate termination is in the child's best interest. *Id.* Here, the adoption specialist testified that J.B. was adoptable based on her data-

match search and despite his medical issues. The potential harm is evident from the evidence supporting the statutory grounds. At the time of the termination hearing, Ms. Baxter acknowledged in part that she was currently incarcerated and was facing new felony drug charges, that she had a bad drug addiction, that she had not participated in any sort of drug therapy, that she had not contacted DHS until she was served with termination papers, that her mother had custody of her other child, that she was homeless, and that she had not completed the parenting classes she was undertaking in prison. Again, we are not left with a definite and firm conviction that the trial court made a mistake in finding that it was in J.B.'s best interest to terminate his mother's parental rights.

In an abundance of caution, counsel notes that her review of the record revealed an issue regarding statutory compliance with the time limits for setting case goals. She recounts that the adjudication hearing was held on April 6, 2016, but the goal of the case was not set until the August 8, 2016 review hearing. At that time, the trial court set the concurrent goal of adoption and reunification, which was outside the statutory time limits. Counsel explains, however, that the issue was never raised below, and therefore it was not preserved for appeal and does not constitute an adverse ruling. *See*, *e.g.*, *Cheney v. Arkansas Dep't of Human Servs.*, 2012 Ark. App. 209, 396 S.W.3d 272. Moreover, citing *Cheney*, counsel notes that even if the argument could be raised at this point, Ms. Baxter would not be able to demonstrate that she was prejudiced by the untimely setting of the goal because she never made contact with DHS nor tried to comply at any time prior to the filing of the termination papers. We agree that this set of events does not provide an arguably meritorious basis for the appeal of the termination of Ms. Baxter's parental rights.

SLIP OPINION

Finally, in response to notification that her counsel was seeking to withdraw and had filed a no-merit brief, Ms. Baxter filed her own points of appeal. DHS then responded to those points.

Ms. Baxter's points can be summarized as follows: she takes responsibility for her addiction and inability to care for J.B.; she acknowledges many referrals were made for her that she did not take advantage of and that it might be too late; since being incarcerated she has contacted DHS, and with these points, she is trying to "get my termination lifted"; that at a minimum, she would like to have visitation rights or at least make a paper trail for her son so that if he wants to find her when he turns eighteen, he will know she really cares for him and loves him even if she was not there for his first year; since her incarceration, she has had no disciplinary reports, has not been in trouble, has gotten her GED and started college classes and classes in parenting, domestic violence, and anger management; she is participating in a nine-month therapeutic program that focuses on drug-and-alcohol abuse and relapse prevention; she receives individual counseling; and she plans to move in with relatives in Missouri when she gets out of jail.

While we commend Ms. Baxter for the progress she is making, the points she raises do not provide an arguably meritorious basis for appeal. To some extent, she is essentially challenging the trial court's statutory-grounds and best-interest findings by asking that we reweigh the evidence, which we will not do. To the extent any of her points raise other concerns, they were not raised below, are not preserved, and provide no meritorious basis for reversal.

SLIP OPINION

Based upon our review of the record and the briefs and pro se points presented to us, we find that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit petitions in termination cases, and we hold that the appeal in this case is wholly without merit. We therefore grant counsel's motion to withdraw and affirm the order terminating Ms. Baxter's parental rights.

Affirmed; motion to withdraw granted.

VIRDEN and MURPHY, JJ., agree.

*Tina Bowers Lee*, Arkansas Public Defender Commission, for appellant.

One brief only.