

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-17-508

| | |
|---|---|
| ELIZABETH S. BARNES<br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN<br>SERVICES AND MINOR CHILD<br>APPELLEES | **Opinion Delivered:** October 18, 2017<br><br>APPEAL FROM THE<br>INDEPENDENCE<br>COUNTY CIRCUIT COURT<br>[NO. 32JV15-116]<br><br>HONORABLE LEE WISDOM<br>HARROD, JUDGE<br><br>AFFIRMED; MOTION TO<br>WITHDRAW GRANTED |

**BART F. VIRDEN, Judge**

In this no-merit appeal, the Independence County Circuit Court entered an order terminating appellant Elizabeth Barnes's parental rights to her son, O.B. (born 07/16/09), on March 3, 2017. Appellant filed a notice of appeal on March 30, 2017. Counsel for appellant filed a motion to withdraw as counsel on appeal and a no-merit brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i) (2016), asserting that, other than the termination order itself, which is fully addressed in the brief, there were no adverse rulings to appellant and explaining why there are no nonfrivolous arguments to support an appeal. After being served by certified mail with the motion to withdraw and a copy of the no-merit brief,

appellant did not file pro se points for reversal. We affirm the order terminating appellant's

parental rights and grant counsel's motion to withdraw.

In *Linker-Flores*, the Arkansas Supreme Court described the procedure for

withdrawing as counsel from a termination-of-parental-rights appeal:

> [A]ppointed counsel for an indigent parent on a first appeal from an order terminating
> parental rights may petition this court to withdraw as counsel if, after a conscientious
> review of the record, counsel can find no issue of arguable merit for appeal. Counsel's
> petition must be accompanied by a brief discussing any arguably meritorious issue for
> appeal. The indigent party must be provided with a copy of the brief and notified of
> her right to file points for reversal within thirty days. If this court determines, after a
> full examination of the record, that the appeal is frivolous, the court may grant
> counsel's motion and dismiss the appeal.

*Linker-Flores*, 359 Ark. at 141, 194 S.W.3d at 747–48.

Subsequently, the supreme court elaborated on the appellate court's role in reviewing

a petition to withdraw in a termination-of-parental-rights appeal, holding that when the

trial court has taken the prior record into consideration in its decision, a "conscientious

review of the record" requires the appellate court to review all pleadings and testimony in

the case on the question of the sufficiency of the evidence to support the decision to

terminate and that only adverse rulings arising at the termination hearing need be addressed

in the no-merit appeal from the prior orders in the case. *Lewis v. Ark. Dep't of Human Servs.*,

364 Ark. 243, 217 S.W.3d 788 (2005).

Termination-of-parental-rights cases are reviewed de novo. *Hune v. Ark. Dep't of*

*Human Servs.*, 2010 Ark. App. 543. Grounds for termination of parental rights must be

proved by clear and convincing evidence, which is that degree of proof that will produce

in the finder of fact a firm conviction of the allegation sought to be established. *Id*. The

appellate inquiry is whether the trial court's finding that the disputed fact was proved by

clear and convincing evidence is clearly erroneous. *J.T. v. Ark. Dep't of Human Servs.*, 329 Ark. 243, 947 S.W.2d 761 (1997).

O.B. was taken into protective custody by the Arkansas Department of Human Services (Department) on September 23, 2015, due to concerns about drug use by his legal guardian and uncle (Timothy Barnes) and O.B.'s mother. There were also allegations of physical abuse of O.B. The affidavit set forth that the family had previous contact with the Department that year for unsubstantiated allegations of environmental neglect and suspicion of drug abuse.

A petition for emergency custody and dependency-neglect was filed and granted on September 9, 2015. The trial court found there was probable cause to believe that O.B. was dependent-neglected, and it would be contrary to his welfare to return him to his parent. An order was entered on September 29, 2015, in which the court found that there was probable cause that the emergency conditions—Timothy's and Elizabeth's use of methamphetamine—necessitated the removal of O.B. from their custody.

An adjudication order finding O.B. dependent-neglected was filed on November 9, 2015, and the goal of the case was reunification. Elizabeth was ordered to be truthful and cooperative with the Department and the attorney ad litem, to follow the case plan, to provide documentation of compliance with the case plan two weeks before any hearing, to establish a safe and stable home, to keep medications locked away, to maintain stable employment and income, to maintain sobriety, to keep all appointments, to view the video "The Clock is Ticking," to complete parenting classes and demonstrate the ability to parent her child, to correct all issues that caused removal, to submit to random drug screens, to

submit to a drug-and-alcohol assessment, to keep the Department informed of her current address and contact information, to participate in any counseling recommended after evaluation, and to provide addresses of any family members who might be placement resources. Elizabeth was advised that a missed drug test would count as a positive result.

In the March 17, 2016 review order, the trial court found that Elizabeth was minimally compliant with the case plan and that the Department had made reasonable efforts to provide services to the family. At the time of the hearing, the trial court found that Elizabeth had moved to Missouri, that no drug screens had occurred since she had moved, and that she had been incarcerated for 120 days while residing in Missouri. The trial court found that Elizabeth had not maintained consistent contact with the Department.

Following a hearing, the trial court changed the goal of the case to adoption in a review order entered on August 29, 2016. The trial court found that the Department had made reasonable efforts to provide services to the family; however, Elizabeth had not complied with the case plan, she had not provided proof of her completion of tasks set out for her in the case plan, and she had been incarcerated while in Missouri.

Termination of parental rights is a two-step process that requires a determination that the parent is unfit and that termination is in the best interest of the child. *Houseman v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 227, 491 S.W.3d 153. The first step requires proof of one or more statutory grounds for termination; the second step, the best-interest analysis, includes consideration of the likelihood that the juvenile will be adopted and of the potential harm caused by returning custody of the child to the parent. Ark. Code Ann. § 9-27-341(b)(3)(A)–(B) (Repl. 2015); *Houseman, supra*. Proof of only one statutory ground is

sufficient to terminate parental rights. *Gossett v. Ark. Dep't of Human Servs.*, 2010 Ark. App. 240, 374 S.W.3d 205. A trial court is required to consider only potential harm to a child's health and safety that might come from continued contact with the parents; there is no requirement to find that actual harm would result or to identify the potential harm. *Hamman v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 295, at 11, 435 S.W.3d 495, 502. The potential-harm analysis is to be conducted in broad terms. *Id.*

The Department filed a petition for termination on August 31, 2016, and based the petition for termination on the grounds set forth in Arkansas Code Annotated section 9-27-341(b)(3)(B)(i)*(a)*—that the child had been adjudicated to be dependent-neglected and had continued to be out of the parent's custody for twelve months and, despite a meaningful effort by the Department to rehabilitate the parent and correct the conditions that caused the removal, those conditions had not been remedied by the parent; section 9-27-341(b)(3)(B)(i)*(b)*—that the juvenile had been out of the home of the noncustodial parent for twelve months, and despite meaningful effort on the part of the Department to rehabilitate the parent and correct the conditions that prevented the child from being placed in the parent's home, the conditions have not been remedied; section 9-27-341(b)(3)(B)(ii)*(a)*—the child had lived outside the home of the parent for twelve months, and the parent had willfully failed to provide significant material support in accordance with her means or to maintain meaningful contact with the child; section 9-27-341(b)(3)(B)(vii)*(a)* other factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrate that placement of the child in the custody of the parent was contrary to the child's health, safety, or welfare and that, despite the offer

of appropriate family services, the parent had manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the parent's circumstances that prevented the placement of the child in the custody of the parent; and section 9-27-341(b)(3)(B)(ix)*(a)(3)(A)*—the parent had subjected the child to aggravated circumstances.

Following a hearing on March 9, 2017, the trial court entered an order terminating Elizabeth's parental rights. In the March 10, 2017 order, the trial court granted the petition to terminate on the statutory ground set forth under section 9-27-341(b)(3)(B)(i)*(a)*—the conditions causing removal had not been remedied after twelve months and despite reasonable services from the Department. Specifically, the trial court found that Elizabeth had failed a drug test; as a result the Department had taken custody of O.B. Since that time, Elizabeth had not complied with the case plan, she had failed to complete the tasks required of her, and she had not provided proof of any completion of any tasks. The trial court also determined that Elizabeth's parental rights should be terminated under section 9-27-341(b)(3)(B)(i)*(b)*—that O.B. had been out of the home of the noncustodial parent for twelve months, and despite meaningful efforts on the part of the Department to rehabilitate Elizabeth and correct the conditions that prevented the child from being placed in her home, the conditions have not been remedied. Specifically, the trial court found that O.B. had been removed when Elizabeth failed a drug test, and since that time the Department had offered services to rehabilitate Elizabeth, and she had not completed any of the tasks or provided proof that she had done so. The trial court also found that section 9-27-341(b)(3)(B)(ii)*(a)* supported termination of Elizabeth's parental rights because she had willfully failed to provide significant material support in accordance with her means or to

maintain meaningful contact with O.B. The trial court cited section 9-27-341(b)(3)(B)(vii)*(a)*—other factors or issues arose subsequent to the filing of the original petition for dependency-neglect. Specifically, Elizabeth was incarcerated after the case had been filed, she had not complied with the case plan, and she had not established a safe and stable home. The trial court found that the facts supported termination of Elizabeth's parental rights pursuant to section 9-27-341(b)(3)(B)(ix)*(a)(3)(A)*—that the parent has subjected the child to aggravated circumstances such that there is little likelihood that services to the family would result in reunification. Specifically, the trial court found that Elizabeth had been offered reasonable services and "[O.B] is no closer to returning to his mother or guardian than he was on the day he was removed."

The trial court found by clear and convincing evidence that it was in O.B.'s best interest to terminate parental rights, considering both adoptability and potential for harm. The trial court specifically cited the caseworker's testimony that O.B. is adoptable and that Elizabeth's lack of compliance with the case plan and lack of visitation put O.B. at risk for harm if he were returned to her.

Counsel contends that this appeal is without merit, concluding that clear and convincing evidence supports the trial court's decision to terminate. Proof of only one statutory ground is sufficient to terminate parental rights, *Gossett*, *supra*, and the proof regarding other factors or issues that arose subsequent to the filing of the original petition is substantial. The statutory requirements were met, and the evidence established that O.B. could not be returned to Elizabeth within a reasonable time period. *See* Ark. Code Ann. § 9-27-341(a)(3) (The intent of the legislature is to provide permanency in a child's life when

a return to the family home cannot be accomplished in a reasonable period of time as viewed from the child's perspective.). The same proof and the caseworker's testimony that O.B. is adoptable supports the trial court's finding that termination was in O.B.'s best interest. Accordingly, we hold that the trial court's decision to terminate Elizabeth's parental rights was not clearly erroneous.

In dependency-neglect cases, if, after studying the record and researching the law, appellant's counsel determines that appellant has no meritorious basis for an appeal, then counsel may file a no-merit petition and move to withdraw. The petition must include an argument section listing all rulings adverse to the appellant made by the trial court on all objections, motions, and requests made by the party at the hearing from which the appeal arose and explaining why each adverse ruling is not a meritorious ground for reversal. The petition must also include an abstract and addendum containing all rulings adverse to the appellant made at the hearing from which the order on appeal arose. Ark. Sup. Ct. R. 6-9(i).

Counsel made no objections during the hearing; however, the trial court denied Elizabeth's request to transfer the case to Missouri. There is no meritorious basis for reversal here because no argument was developed below; thus, it is not preserved for appeal. *See Lamontagne v. Ark. Dep't of Human Servs.*, 2010 Ark. 190, at 6, 366 S.W.3d 351, 354.

After carefully examining the record and the brief presented to us, we conclude that counsel has complied with the requirements established by the Arkansas Supreme Court for no-merit appeals in termination cases and that the appeal is wholly without merit.

Accordingly, we affirm the order terminating appellant's parental rights in O.B., and counsel's motion to withdraw is granted.

Affirmed; motion to withdraw granted.

GLOVER and MURPHY, JJ., agree.

*Tabitha McNulty*, Arkansas Public Defender Commission, for appellant.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor child.