

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CV–17–663

| | |
|---|---|
| CRYSTAL GRIFFIN<br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN<br>APPELLEES | **Opinion Delivered:** November 29, 2017<br><br>APPEAL FROM THE POPE COUNTY CIRCUIT COURT<br>[NO. 58JV-15-251]<br><br>HONORABLE KEN D. COKER, JR., JUDGE<br><br>AFFIRMED; MOTION GRANTED |

## RITA W. GRUBER, Chief Judge

Counsel for Crystal Griffin brings this no-merit appeal from the Pope County Circuit Court's order entered on May 9, 2017, terminating her parental rights to LB, born April 5, 2014, and NB, born September 3, 2015.[1] Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), counsel has filed a no-merit brief setting forth all adverse rulings from the termination hearing and asserting that there are no issues that would support a meritorious appeal; the sole adverse ruling was the termination. Counsel has also filed a motion asking to be relieved. The clerk of this court sent a copy of the brief and motion to be relieved to appellant's last-known address, informing her that she had the right to file pro se points for reversal under Arkansas Supreme Court Rule 6-9(i)(3). She has filed no points.

---

[1]The court's order also terminated the parental rights of the children's father, Bobby Bolden, but he is not a party to this appeal.

SLIP OPINION

We grant counsel's motion to withdraw and affirm the order terminating appellant's parental rights.

Termination of parental rights is a two-step process requiring a determination that the parent is unfit and that termination is in the best interest of the child. *Houseman v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 227, at 2, 491 S.W.3d 153, 155. The first step requires proof of one or more statutory grounds for termination; the second step, the best-interest analysis, includes consideration of the likelihood that the juvenile will be adopted and of the potential harm caused by returning custody of the child to the parent. Ark. Code Ann. § 9-27-341(b)(3)(B), (A) (Repl. 2015). Each of these requires proof by clear and convincing evidence, which is the degree of proof that will produce in the finder of fact a firm conviction regarding the allegation sought to be established. *Id.* Our review is de novo. *Dunbar v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 472, at 9, 503 S.W.3d 821, 827. The appellate inquiry is whether the circuit court's finding that the disputed fact was proved by clear and convincing evidence is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Norton v. Ark. Dep't of Human Servs.*, 2017 Ark. App. 285, at 2. In resolving the clearly erroneous question, the reviewing court defers to the circuit court because of its superior opportunity to observe the parties and to judge the credibility of witnesses. *Brumley v. Ark. Dep't of Human Servs.*, 2015 Ark. 356, at 7.

Appellant's children were taken into custody by the Arkansas Department of Human Services (DHS) on December 1, 2015, after having been brought to the hospital on the

evening of November 30, 2015, with significant bruising to their genitals. NB also had a compression fracture of the lumbar spine and a skin injury to the tip of his nose. Appellant told police that she took Klonopin and Tylenol 3 before she went to bed at 8:00 p.m. on November 29, 2015, and left the children in the living room with her boyfriend. She reported that she "heard a slap and the children whimpering through the night" but that she did not get up to check on them. Appellant indicated that she had observed the children's injuries on the morning of November 30, 2015, but did not seek medical attention until her brother intervened on the evening of November 30, 2015. Appellant submitted to a drug test on December 2, 2015, and tested positive for methamphetamine, amphetamines, oxycodone, opiates, benzodiazepine, and THC.

The circuit court adjudicated the children dependent–neglected in an order entered January 11, 2016, due to parental unfitness because of appellant's drug use. In addition, the court found that the children were at a substantial risk of serious harm due to appellant's drug use and her failure to protect the children from abuse. At a review hearing six months after the case had begun, the court found that reunification should remain the goal but ordered appellant to successfully complete inpatient drug treatment and to keep DHS informed of her location. Although appellant was incarcerated from June 2016 through October 2016, she completed inpatient drug treatment in November 2016. At the first permanency-planning hearing on November 28, 2016, the court continued the goal of reunification, noting that appellant was complying with the case plan and had made significant and measurable progress. At a permanency-planning hearing held two months later, however, the court changed the goal to termination and adoption.

Appellant's caseworker, Milissa Ennis, testified at the termination hearing held on April 24, 2017, that appellant had not maintained stable and appropriate housing as ordered and was living with her parents at the time of the hearing. She also testified that, although appellant had completed inpatient treatment in November 2016, she had tested positive for amphetamines and methamphetamine multiple times since then, the most recent being March 14 and 28, 2017. Finally, Ms. Ennis testified that she had attended only 25 of 55 scheduled visits with her children during the sixteen months they had been out of her custody. Ms. Ennis testified that the children had no medical or behavioral issues that would prevent their being adopted and that they were very likely to be adopted.

The circuit court entered an order on May 9, 2017, terminating appellant's parental rights, finding by clear and convincing evidence the twelve-month-failure-to-remedy, failure-to-maintain-meaningful-contact, and subsequent-factors grounds. The court also found that it was in the children's best interest to terminate appellant's parental rights after considering both the likelihood of adoption and the potential harm to their health and safety by returning them to appellant. The court specifically found that appellant continued to have an unresolved drug problem, had no stable housing, and failed to visit the children on a consistent basis.

Only one ground must be proved to support termination. *Reid v. Ark. Dep't of Human Servs.*, 2011 Ark. 187, 380 S.W.3d 918. Here, the children had been adjudicated dependent-neglected due to parental unfitness because of appellant's drug use and were in DHS custody for over twelve months. Evidence at the hearing demonstrated that appellant had failed to resolve the drug problem, the condition that caused removal, even after having

4

completed inpatient drug treatment. We agree with counsel that there is no meritorious basis upon which to argue that the circuit court's decision to terminate appellant's parental rights was clearly erroneous. As counsel notes, this was the sole adverse ruling from the termination hearing.

From our review of the record and the brief presented to us, we conclude that counsel has complied with the requirements for no-merit appeals and that the appeal is wholly without merit. Accordingly, we affirm the termination order and grant counsel's motion to withdraw.

Affirmed; motion granted.

VIRDEN and HARRISON, JJ., agree.

*Leah Lanford*, Arkansas Public Defender Commission, for appellant.

One brief only.