DAVID M. GLOVER, Judge
Leo Anderson appeals from the May 29, 2018 order terminating his parental rights to his daughter, BA (d.o.b. 3/22/2017). His counsel has filed a motion to withdraw and a no-merit brief pursuant to Linker-Flores v. Arkansas Department of Human Services , 359 Ark. 131, 194 S.W.3d 739 (2004), and Rule 6-9(i) of the Rules of the Arkansas Supreme Court and Court of Appeals, contending there is no meritorious basis for the appeal. The clerk of our court sent copies of the brief and the motion to withdraw to Anderson's last-known address, informing him of his right to file pro se points for reversal pursuant to Rule 6-9(i)(3) ; however, he has filed no points. We affirm the termination of his parental rights and grant counsel's motion to withdraw.
A trial court's order terminating parental rights must be based on findings proved by clear and convincing evidence. Wagner v. Arkansas Dep't of Human Servs. , 2018 Ark. App. 554, 566 S.W.3d 478. Clear and convincing evidence is defined as that degree of proof that will produce in the fact-finder a firm conviction as to the allegation sought to be established. Id. On appeal, we review termination cases de novo. Id. We will not reverse the trial court's ruling unless its findings is clearly erroneous. Id. A finding in clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. Id. In determining whether a finding is clearly *770 erroneous, we give due deference to the trial court's opportunity to judge the credibility of witnesses. Id.
Termination of parental rights is a two-step process requiring a determination that the parent is unfit and that termination is in the best interest of the children. Bailey v. Arkansas Dep't of Human Servs. , 2018 Ark. App. 553, 566 S.W.3d 472. The first step requires proof of one or more statutory grounds for termination; the second step requires that termination be in the children's best interest. Id.
Counsel informs us in her brief that the only ruling adverse to Anderson was the termination itself and that there was sufficient evidence to support the termination. We agree.
BA tested positive at birth for amphetamines and was taken into DHS custody on March 27, 2017. Her mother, Patricia Funderburg, also tested positive for amphetamines. Her parental rights have been terminated, but she is not part of this appeal.
Anderson, a putative father at that point, was tested for paternity. On May 25, 2017, the trial court adjudicated BA dependent-neglected, finding she was at substantial risk of serious harm because she tested positive for illegal substances when she was born. The goal was established as reunification with a fit parent; Anderson was found to be the legal father; and counsel was appointed to represent him.
At the August 24, 2017 permanency-planning hearing, the trial court found that neither of the parents had complied with the case plan or the court's orders. The court further noted there were safety concerns that prevented trial placement of BA with Anderson; for example, his mental capacity and inability to parent. The trial court changed the goal of the case from reunification to adoption, setting a date for a termination of parental rights (TPR) hearing in November.
On October 5, 2017, DHS filed a petition to terminate. Following the termination hearing, the trial court denied the petition and gave Anderson extra time to try to reunify with BA. A second petition was filed on April 4, 2018. The termination hearing was held on May 23, 2018. Anderson notified his counsel that he was close to the place of the hearing, traveling by bicycle, but he never appeared. Counsel informed the court she had told Anderson he had outstanding arrest warrants and it was possible that was why he did not appear for the hearing.
The trial court proceeded with the hearing without Anderson's presence. A forensic psychological examiner testified about two psychological evaluations performed on Anderson, one in 2014 regarding another child and one in 2018, during the instant case. The examiner expressed significant concerns about Anderson being able to independently parent a small child because of a 2007 head injury ; explained that both evaluations revealed full-scale intelligent quotients of 66, demonstrating difficulty in comprehending and reasoning, and stated he believed Anderson's cognitive processing had deteriorated in the four years since the initial evaluation in 2014; and stated he did not believe the issue would improve. The family-service worker supervisor testified there had not been any trial home placements because of the ongoing safety concerns with Anderson; that Anderson had not demonstrated appropriate parenting skills during supervised visits or overall wise decision-making; that he had been involved with at least one woman who had a prior parental-rights termination; that he had not followed court orders; and that DHS had identified safety concerns in the home. While Anderson had completed some of the offered services, the *771 family-service worker stated her belief that he had not made substantial and measurable progress because there had been no significant change in his situation since the case began. The program assistant for DHS described Anderson's visits with BA and expressed her opinion that he could not independently parent BA because she observed a lack of parenting skills. She recognized some of his favorable actions toward BA but did not believe there was appreciable bonding between them, she was concerned about his truthfulness and instability, and he had missed some of the visits. The DHS adoption specialist testified BA was highly adoptable and noted the foster parents' desire to be considered for permanent placement. On May 29, 2018, the trial court entered its order terminating Anderson's parental rights to BA, finding it was in BA's best interest to terminate Anderson's parental rights and also finding DHS had proved three statutory grounds supporting termination. This appeal followed.
Only one ground is required for termination. One of the statutory grounds found by the trial court was "[t]hat a juvenile has been adjudicated by the court to be dependent-neglected and has continued out of the home of the noncustodial parent for twelve (12) months and, despite a meaningful effort by the department to rehabilitate the parent and correct the conditions that prevented the child from safely being placed in the parent's home, the conditions have not been remedied by the parent." Ark. Code Ann. § 9-27-341(b)(3)(B)(i)(b) (Supp. 2017). We are not left with a definite and firm conviction that the trial court made a mistake with this finding. BA was clearly out of the noncustodial home for at least twelve months, and the same safety concerns that prevented BA's placement with her father continued throughout the case, despite the extension of time to try to accomplish reunification.
With respect to the trial court's best-interest finding, the adoptability factor was satisfied by the adoption specialist's testimony that BA was highly adoptable. In addition, the potential-harm factor was satisfied because the testimony supporting the statutory ground also supports the finding of potential harm.
Based on our review of the record and the brief presented to us, we conclude counsel has complied with the requirements set by the Arkansas Supreme Court for no-merit petitions in termination cases, and we hold the appeal is wholly without merit. We therefore affirm the order terminating Anderson's parental rights to BA and grant counsel's motion to withdraw.
Affirmed; motion to withdraw granted.
Abramson and Brown, JJ., agree.