Cite as 2019 Ark. App. 381

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CV-19-305

|  |  |
|---|---|
| MICHELLE HOWARD | **Opinion Delivered:** September 18, 2019 |
| APPELLANT | |
| V. | APPEAL FROM THE MILLER COUNTY CIRCUIT COURT [NO. 46JV-18-11] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD | HONORABLE KIRK JOHNSON, JUDGE |
| APPELLEES | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**BART F. VIRDEN, Judge**

Michelle Howard appeals the Miller County Circuit Court's decision to terminate her parental rights to her child, K.H. (12/25/06). Howard's counsel has filed a motion to withdraw and a no-merit brief pursuant to our rules and caselaw, stating that there are no meritorious grounds to support an appeal. Ark. Sup. Ct. R. 6-9 (2015); *Linker-Flores v. Ark. Dep't of Human Servs.*, 359 Ark. 131, 194 S.W.3d 739 (2004).

Our court clerk mailed a certified copy of counsel's motion and brief to Howard's last-known address informing her of her right to file pro se points for reversal, and Howard has filed pro se points. The Arkansas Department of Human Services ("Department") and the attorney ad litem have jointly responded to Howard's pro se points pursuant to Rule 6-9(i)(5). We affirm the court's decision to terminate Howard's parental rights to K.H. and grant counsel's motion to withdraw.

We review termination–of–parental rights cases de novo. *Cheney v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 209, 396 S.W.3d 272. An order terminating parental rights must be based on a finding by clear and convincing evidence that the termination is in the children's best interest. *Id.* The circuit court must consider the likelihood that the children will be adopted if the parent's rights are terminated and the potential harm that could be caused if the children are returned to a parent. *Harper v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 280, 378 S.W.3d 884. The circuit court must also find that one of the grounds stated in the termination statute is satisfied. *Id.* Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction that the allegation has been established. *Pratt v. Ark. Dep't of Human Servs.*, 2012 Ark. App. 399, 413 S.W.3d 261. When the burden of proving a disputed fact is by clear and convincing evidence, we ask whether the circuit court's finding on the disputed fact is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made. *Id.*

In dependency-neglect cases, if, after studying the record and researching the law, appellant's counsel determines that the appellant has no meritorious basis for appeal, then counsel may file a no-merit petition and move to withdraw. Ark. Sup. Ct. R. 6-9(i)(1). The petition must include an argument section that lists all adverse rulings that the parent received at the circuit court level and explain why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 6-9(i)(1)(A). The petition must also include an abstract and addendum containing all rulings adverse to the appealing parent that were made during the hearing from which the order on appeal arose. Ark. Sup. Ct. R. 6–9(i)(1)(B).

The Department alleged two statutory grounds that against Howard—the "other factors" ground, and the "aggravated circumstances" ground. The statutory ground "other factors" sets forth that

> other factors or issues arose subsequent to the filing of the original petition for dependency-neglect that demonstrate that placement of the juvenile in the custody of the parent is contrary to the juvenile's health, safety, or welfare and that, despite the offer of appropriate family services, the parent has manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the parent's circumstances that prevent the placement of the juvenile in the custody of the parent.

Ark. Code Ann. § 9-27-341(b)(3)(B)(vii)(*a*) (Supp. 2017).

Arkansas Code Annotated section 9-27-341(b)(3)(B)(ix)*(a)(3)* provides as a ground that the parent is found by a court of competent jurisdiction to have subjected any juvenile to aggravated circumstances, which means, among other things, that a determination has been or is made by a judge that there is little likelihood that services to the family will result in successful reunification.

Howard's attorney argues that there would be no merit in challenging the sufficiency of the statutory grounds or the court's best-interest finding.

The circuit court considered the following testimony, exhibits, and statements of the parties in deciding to terminate Howard's parental rights. On January 26, 2018, the Department filed a petition for dependency- neglect based on sexual abuse by a man over thirty years old.[1] Two days earlier, Howard called the fire department, asking to drop off her child who had tried to kill her by putting a pill in her drink that rendered her

---

[1]The age of the abuser is sometimes stated as thirty years old and other times as thirty-six years old.

3

unconscious for eleven hours. Howard explained that the girl had been sexually abused at "granny's home." Granny was a babysitter and not a family member. K.H. said Howard had never sexually abused her but that she had been physically abused by her mother. K.H. stated that she loves her mother, and she feels safe at her mom's house but that she wanted to be in Department custody for a few weeks. At the time of removal, Howard stated she would test positive for marijuana, cocaine, and methamphetamine, and she seemed more focused on herself than her daughter's sexual abuse. Howard had a history of bipolar disorder and paranoid schizophrenia.

Following K.H.'s removal, Howard was deemed unable to care for K.H. due to environmental hazards, inappropriate people in the home, lack of supervision, suspected sexual abuse, and Howard's emotional instability. The court found that Howard had failed to comply with the case plan and that she had not demonstrated progress toward reunification. The issues that caused removal remained a problem when the permanency-planning order was entered. The circuit court found that Howard had previously maltreated K.H. and that Howard's lack of response to the previous incidents suggested that K.H. would not be safe in her care. The circuit court found that Howard was currently abusing drugs and noted that Howard had been arrested for a probation violation and had been incarcerated during the pendency of the case. We hold that there was sufficient evidence to support termination on the "other factors" ground.

The court's finding that it was in the child's best interest for Howard's rights to be terminated is also sufficiently supported by the record. The circuit court found that K.H. is adoptable and that the adoption specialist found 228 matches for her in the system. The

4

circuit court's decision to terminate Howard's parental rights was not clearly erroneous given the evidence that was before the court.

Howard submitted thirty-one pro se points on appeal, which fall roughly into three categories: (1) that the Department and service providers committed error in handling her case; (2) that the circuit court and others weighed the evidence against her too heavily; and (3) that she was ineffectively assisted by counsel. Howard's arguments regarding the Department's mishandling of her case and ineffective assistance of counsel are being raised for the first time on appeal, and she is barred from raising those arguments now. *Vasquez v. Ark. Dep't of Human Servs.*, 2009 Ark. App. 575, at 13, 337 S.W.3d 552, 560. The remaining arguments request this court to reweigh the evidence, which we do not do. *See Newman v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 207, 489 S.W.3d 186. Credibility determinations are left to the circuit court. *Id.* Howard's pro se points provide no grounds for reversal.

There was one adverse ruling that is noted by counsel in the brief, and it presents no meritorious ground for reversal. At the termination hearing, counsel requested that the record be kept open for a period of time so that she could request a report of the drug assessment and psychological evaluation and drugs screens. The court explained that "drug screens mean nothing when you're in the penitentiary. What matters to me is what happened before her entry into jail on August the third, because unless the penitentiary is failing in their duties, Ms. Howard would have no access to drugs." In light of the circuit court's superior position to judge the credibility of the witnesses, this adverse ruling poses

5

no meritorious ground for reversal. *See Lewis v. Ark. Dep't of Human Servs.*, 364 Ark. 243, 252, 217 S.W.3d 788, 794 (2005).

Having reviewed the record and counsel's brief, we agree with counsel that an appeal from the circuit court's decision to terminate Howard's parental rights would be wholly without merit. Because Howard's counsel has adequately addressed the sufficiency of the evidence in the no–merit brief and has complied with the requirements of *Linker-Flores* and this court's rules, we affirm the circuit court's termination order and grant the motion to withdraw.

Affirmed; motion to withdraw granted.

SWITZER and VAUGHT, JJ., agree.

*Pamela Fisk*, for appellant.

One brief only.