Cite as 2021 Ark. App. 208

# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** CV-20-633

| | |
|---|---|
| TIFFANY NICOLE ROBINSON<br>APPELLANT<br><br>V.<br><br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN<br>APPELLEES | OPINION DELIVERED: MAY 5, 2021<br><br>APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT<br>[NO. 17JV-19-12]<br><br><br>HONORABLE MICHAEL MEDLOCK, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

**ROBERT J. GLADWIN, Judge**

Tiffany Robinson appeals the Crawford County Circuit Court's August 7, 2020 order terminating her parental rights to her three children, F.R., J.R., and H.R. Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), Robinson's counsel has filed a motion to be relieved as counsel and a no-merit brief asserting that there are no issues of arguable merit to support an appeal. The clerk of our court sent copies of the brief and the motion to withdraw to Robinson, informing her of her right to file pro se points for reversal pursuant to Rule 6-9(i)(3), which she has done. The Arkansas Department of Human Services (ADHS) has responded to Robinson's pro se points pursuant to Rule 6-9(i)(5). We affirm

the circuit court's decision to terminate Robinson's parental rights to F.R., J.R., and H.R and grant counsel's motion to withdraw.

We review termination-of-parental-rights cases de novo. *Howard v. Ark. Dep't of Hum. Servs.*, 2019 Ark. App. 381. An order terminating parental rights must be based on a finding by clear and convincing evidence that the termination is in the children's best interest. *Id.* The circuit court must consider the likelihood that the children will be adopted if the parent's rights are terminated and the potential harm that could be caused if the children are returned to a parent. *Id.* The circuit court must also find that one of the grounds stated in the termination statute is satisfied. *Id.* Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction that the allegation has been established. *Id.* When the burden of proving a disputed fact is by clear and convincing evidence, we ask whether the circuit court's finding on the disputed fact is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made. *Id.*

In dependency-neglect cases, if, after studying the record and researching the law, appellant's counsel determines that the appellant has no meritorious basis for appeal, then counsel may file a no-merit petition and move to withdraw. Ark. Sup. Ct. R. 6-9(i)(1). The petition must include an argument section that lists all adverse rulings that the parent received at the circuit court level and explain why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 6-9(i)(1)(A). The petition must also include an abstract and addendum containing all rulings adverse to the appealing parent that were made during the hearing from which the order on appeal arose. Ark. Sup. Ct. R. 6-9(i)(1)(B).

2

Because there were no objections that were decided adversely to Robinson at the termination hearing other than the termination itself, the primary issue is whether the evidence was sufficient to support the circuit court's termination-of-parental-rights (TPR) order. Robinson's counsel argues that there would be no merit in challenging the sufficiency of the statutory grounds or the circuit court's best-interest finding. Counsel submits that the circuit court considered the following testimony, exhibits, and statements of the parties in deciding to terminate Robinson's parental rights.

## I. *Sufficiency of Evidence to Support the TPR Order*

The purpose of terminating a parent's rights to a child is to provide permanency in a child's life. Ark. Code Ann. § 9-27-341(a)(3) (Repl. 2020). To this end, a court may order TPR if the court finds that there is an appropriate permanency-placement plan for the children. Ark. Code Ann. § 9-27-341(b)(1)(A). In addition, the court must find by clear and convincing evidence that TPR is in the best interest of the children, taking into consideration the likelihood of adoption and the potential harm to the health and safety of the children that would be caused by returning them to the custody of their parents. Ark. Code Ann. § 9-27-341(b)(3)(A). There also must be clear and convincing evidence to support one or more of the grounds for TPR set forth in section 9-27-341(b)(3)(B).

### A. Permanency-Placement Plan for the Children

As addressed in the TPR order, the circuit court found that ADHS had an appropriate plan for permanent placement for the children—adoption. *See Migues v. Ark. Dep't of Hum. Servs.*, 2019 Ark. App. 439, at 9, 586 S.W.3d 221, 227 (finding that adoption was an appropriate plan for permanent placement).

3

B. Best-Interest Analysis

To determine the best interest of the children, courts are directed by statute to consider the likelihood that the children would be adopted and the potential harm to their health and safety that would be caused by returning them to their parents' custody. Ark. Code Ann. § 9-27-341(b)(3)(A).

The question of a child's adoptability is but one consideration in the best-interest-of-the-child equation, and there is no requirement that this factor be established by clear and convincing evidence; rather, after consideration of all factors, the evidence must be clear and convincing that the termination is in the best interest of the child. *McFarland v. Ark. Dep't of Hum. Servs.*, 91 Ark. App. 323, 327, 210 S.W.3d 143, 147 (2005).

The permanency-placement plan for the children was adoption, as previously noted. ADH's witness, Department of Children and Family Services (DCFS) supervisor Whitney Lee, testified that all the children are adoptable despite some behavioral issues on account of the children's not being able to reunify with Robinson. No evidence was presented at the TPR hearing to contradict that evidence; accordingly, we hold there that was clear and convincing evidence to support the circuit court's finding that the children are adoptable.

We also hold that ADHS presented sufficient evidence for the circuit court to find by clear and convincing evidence that there was potential for harm should the children be returned to Robinson's custody. In assessing potential harm, it is not necessary to prove that actual harm will result or to identify a specific harm to the child. *Tovias v. Ark. Dep't of Hum. Servs.*, 2020 Ark. App. 337, at 8, 601 S.W.3d 161, 167.

Lee testified as to the potential harm to the children's being returned to Robinson. It was noted that while Robinson was having unsupervised visits, Robinson had left the children with inappropriate caregivers, which was one of the issues that precipitated removal. There was also testimony from ADHS that Robinson would not allow access to her home despite her vehicle being in the driveway and sounds of someone inside the residence. Additionally, Lee testified that substance abuse became a subsequent issue that was not present at the inception of the case. While Robinson had done the substance-abuse-treatment assessment, she failed to attend any sessions of substance-abuse treatment. Lee indicated that there was a potential harm to the children should they be returned to Robinson when the subsequent factor of the substance-abuse issue had not been remedied because Robinson failed to secure any treatment therefor. The foregoing evidence establishes that Robinson's children faced potential harm to their health, safety, and well-being if they were returned to her. Because this factor does not have to be proved by clear and convincing evidence, *Tovias*, *supra*, the evidence presented was sufficient to support the circuit court's finding of potential harm, and that evidence, considered with the evidence that the children are adoptable, was sufficient to establish that TPR was in the children's best interest.

## C. Proof of at Least One Statutory Ground

ADHS must prove one or more of the statutory grounds for TPR before the circuit court can terminate a parent's parental rights. Moreover, only one ground need be proved in order to terminate a parent's parental rights. *Abraham v. Ark. Dep't. of Hum. Servs.*, 2017 Ark. App. 491, at 4. ADHS filed its termination petition on June 9, 2020. Therein, ADHS

5

alleged and pled five grounds for termination: It alleged that Robinson's parental rights should be terminated because the children had been out of her custody, as a parent, for twelve months and, despite meaningful efforts by ADHS to remedy the reason for removal, Robinson had failed to remedy the reason for removal pursuant to Ark. Code Ann. § 9-27-341(b)(3)(B)(i)(*a*); that Robinson had failed for twelve months to provide significant material support or to maintain meaningful contact with the children pursuant to Ark. Code Ann. § 9-27-341(b)(3)(B)(ii); that Robinson abandoned the children pursuant to Ark. Code Ann. § 9-27-341(b)(3)(B)(iv); that Robinson manifested an incapacity or indifference to remedy the subsequent factors that arose since the inception of the case pursuant to Ark. Code Ann. § 9-27-341(b)(3)(B)(vii)*(a)*; and that Robinson subjected the children to aggravated circumstances with little likelihood of successful reunification despite having received services pursuant to Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)*(a)(3)(B)(i)*.

We hold that the "subsequent factors" ground for the termination of Robinson's parental rights was shown by clear and convincing evidence. Since the children were removed from Robinson's custody in January 2019, Robinson tested positive for methamphetamine in October 2019. The adjudication order, both review-hearing orders, and the permanency-planning-hearing order all note that, should Robinson fail a drug screen, she must complete a drug-and-alcohol assessment and complete the treatment recommendations thereof. Lee noted that Robinson tested positive for methamphetamine on both lab-confirmed urinalysis drug screens and a hair-follicle test that was administered in February 2020. Lee pointed out that the cutoff for the hair-follicle test was five hundred milligrams, yet Robinson's positive hair-follicle-test level was 4,132. Additionally, there was

testimony that Robinson oftentimes was unable to provide urine samples for additional urinalysis drug screens.

ADHS made a referral for a substance-abuse-treatment assessment on October 10, 2019. ADHS struggled to maintain contact with Robinson, as indicated by the testimony of DCFS caseworker Lauren Mach. Mach testified that she typically would not receive a response to inquiries made to Robinson's phone number unless it had to do with her visitation with the children. Mach testified that when she was shadowing DCFS caseworker Addie Martin, she verified that she made numerous attempts to reach Robinson whether it was via phone calls or home visits. Additionally, there was testimony from ADHS that it had tried to gain access ten separate times since the permanency-planning hearing in January 2020, only to gain access one time.

Robinson testified that she was unaware that she needed to submit to a substance-abuse-treatment assessment until February 2020 despite attending five staffings and despite the court's orders noting that requirement in the event she tested positive on any drug screens, which she did in October 2019. In any event, Robinson actually submitted to the assessment on October 25, 2019. Lee testified that Martin tried to reach Robinson about her substance-abuse treatment following the assessment because the substance-abuse-treatment provider, Western Arkansas, could not reach Robinson on the number that it had been provided. Despite submitting to the assessment, Robinson did not attend any sessions of substance-abuse treatment or otherwise complete treatment thereafter. Robinson did test negative immediately prior to the termination hearing, however. We hold that there was sufficient evidence presented to support the circuit court's decision to terminate Robinson's

parental rights pursuant to the "subsequent factors" ground that ADHS pled in its TPR petition pursuant to Ark. Code Ann. § 9-27-341(b)(3)(B)(vii)*(a)*.

## II. *Pro Se Points*

Robinson submitted multiple pages of free-flowing dialogue as her unnumbered pro se points on appeal that fall generally into three categories: (1) that ADHS and service providers committed error in the handling of her cases, both in Crawford and Sebastian Counties; (2) that the circuit court and others weighed the evidence against her too heavily and basically expected too much from her given her circumstances; and (3) that she was ineffectively assisted by counsel in both cases. Robinson's pro se points basically ask this court to reweigh the evidence, which we do not do. *See Newman v. Ark. Dep't of Hum. Servs.*, 2016 Ark. App. 207, 489 S.W.3d 186. Credibility determinations are left to the circuit court. *Id.*

ADHS, in its response to Robinson's pro se points on appeal, states that it agrees with Robinson's counsel that there is no merit to an appeal of the circuit court's TPR decision. After reviewing Robinson's pro se points, which argue that the circuit court's TPR decision should be reversed, ADHS incorporated into its response, restated word-for-word, the previously filed no-merit brief, and it rests on Robinson's counsel's explanations as to why the detailed adverse decisions are not erroneous. ADHS notes that any other legal argument made by Robinson is new and cannot be used to reverse the circuit court's decision because it was not made to the circuit court, and Robinson is barred from raising it now. *Rylie v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App. 366, at 8, 554 S.W.3d 275, 279. Any remaining argument Robinson makes is a challenge to the sufficiency of the circuit

court's best-interest and statutory-ground findings. These arguments ask this court to reweigh the evidence, but for the circuit court to weigh the evidence differently than Robinson wanted is not reversible error. *Bentley v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App. 374, at 15, 554 S.W.3d 285, 294. This court will not act as a super fact-finder or second-guess the circuit court's credibility determination. *Lynch v. Ark. Dep't of Hum. Servs.*, 2012 Ark. App. 149, at 2; *see also Bentley*, *supra*.

Having reviewed the record and counsel's brief, we agree with counsel that an appeal from the circuit court's decision to terminate Robinson's parental rights would be wholly without merit. Because Robinson's counsel has adequately addressed the sufficiency of the evidence in the no-merit brief and has complied with the requirements of *Linker-Flores* and this court's rules, we affirm the circuit court's termination order and grant the motion to withdraw.

Affirmed; motion to withdraw granted.

BARRETT and HIXSON, JJ., agree.

*James & Streit*, by: *Jonathan R. Streit*, for appellant.

*Ellen K. Howard*, Ark. Dep't of Human Services, Office of Chief Counsel, for appellee.

*Casey D. Copeland*, attorney ad litem for minor children.