Cite as 2022 Ark. App. 387

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV-22-177

| | | |
|---|---|---|
| KENNETH STROUP | | Opinion Delivered October 5, 2022 |
| | APPELLANT | |
| | | APPEAL FROM THE LOGAN COUNTY CIRCUIT COURT, SOUTHERN DISTRICT |
| V. | | [NO. 42BJV-21-4] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN | | HONORABLE TERRY SULLIVAN, JUDGE |
| | APPELLEES | |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

**STEPHANIE POTTER BARRETT, Judge**

Kenneth Stroup appeals the Logan County Circuit Court's termination of his parental rights to his children, daughter ES, born February 11, 2011; and son KS, born February 2, 2017.[1] Pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), his counsel has filed a no-merit brief listing all rulings adverse to Stroup in the termination hearing and asserting there are no issues that would support a meritorious appeal. Stroup's attorney has also filed a motion to withdraw as counsel. The clerk of this court notified Stroup of his

---

[1]The parental rights of Linda Fernandez, the children's mother, were also terminated in this proceeding. However, she is not a party to this appeal.

right to files pro se points, but he has filed none. We affirm the termination of Stroup's parental rights and grant counsel's motion to withdraw.

## I. *Standard of Review*

We review termination-of-parental rights cases de novo, and we will not reverse the circuit court's ruling unless its findings are clearly erroneous. *Morgan v. Ark. Dep't of Hum. Servs.*, 2021 Ark. App. 101, 617 S.W.3d 743. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Griffin v. Ark. Dep't of Hum. Servs.*, 2017 Ark. App. 635.

Termination of parental rights is a two-step process requiring a determination that the parent is unfit and that termination is in the best interest of the children. *Rylie v. Ark. Dep't of Hum. Servs.*, 2018 Ark. App. 366, 554 S.W.3d 275. The first step requires proof of one or more statutory grounds for termination; the second step, the best-interest analysis, includes consideration of the likelihood that the juveniles will be adopted and of the potential harm caused by returning custody of the children to the parent. *Id.* Each step requires proof by clear and convincing evidence, which is the degree of proof that will produce in the finder of fact a firm conviction regarding the allegation sought to be established. *Id.*

## II. *Facts*

In the early hours of March 14, 2021, Arkansas Department of Human Services (DHS) family-service worker Sandra Anderson was contacted by a Booneville police officer

to conduct a health and safety assessment of the children. Ten-year-old ES had been going from door to door looking for help for herself and her brother because she thought they were at home by themselves. The officer who initially responded to the call found the house to be filthy and Fernandez passed out on the bed. Four-year-old KS was in the bathtub attempting to peel an apple with a razor. Fernandez was arrested for child endangerment; she tested positive for buprenorphine, THC, and K2. The children were allowed to go with their aunt and uncle. Stroup was incarcerated at the time the children were taken out of Fernandez's custody.

An ex parte order of emergency custody was entered on March 16, placing custody of the juveniles with DHS upon a finding that immediate removal was in their best interest. In this order, the circuit court found that DHS had been involved with the family since 2011 and had provided numerous services to the family, but those services had not prevented removal of the children from Fernandez's custody due to her failure to adequately supervise them as well as her use of illegal substances. A probable-cause order was entered on May 21, finding that it was in the best interest of the juveniles to continue custody with DHS. In an adjudication order filed on June 23, the circuit court found, and Fernandez stipulated, that the juveniles were dependent-neglected as a result of Fernandez's unfitness due to her drug use and Stroup's incarceration.

DHS filed a petition for termination of parental rights as to both Stroup and Fernandez on August 6. At this time, Stroup remained incarcerated at the Brickey's Unit in eastern Arkansas. One of the grounds listed for termination was that Stroup was sentenced

3

in a criminal proceeding for a period of time that would constitute a substantial period of the juveniles' lives. DHS asserted that Stroup had been sentenced in July 2017 to three years' detention in Franklin County case No. 24OCR-16-209 for furnishing prohibited articles and three years' detention in Franklin County case No. 24OCR-16-218 for furnishing prohibited articles as a habitual offender, with those sentences running concurrently, and he had been sentenced in September 2017 to twelve years' detention in Logan County case No. 42BCR-17-41 for possession with intent to deliver methamphetamine/cocaine.

A termination-of-parental-rights hearing was held on December 7, and the circuit court entered an order terminating Stroup's and Fernandez's parental rights on December 28. Specifically as to Stroup, the circuit court found that he had been sentenced in a criminal proceeding for a period of time that would constitute a substantial period of the juveniles' lives; that he had been incarcerated throughout the pendency of the case; and that some of Stroup's time had been served as a habitual offender.

At the termination hearing, the sole witness was Sandra Anderson, the primary DHS caseworker. She recounted the events leading up to the removal of the juveniles from Fernandez's custody as well as the lengthy history the family had with DHS. She noted that this was the third time ES had been placed in foster care, and it was the second time for KS. Anderson testified without objection that Stroup had been incarcerated since the children were removed in March 2021; that he was currently in prison for furnishing prohibited articles and possession of methamphetamine and cocaine; that he had a long prior criminal history spanning numerous years and several counties in Arkansas; that the children had not

4

visited with Stroup since the case had begun, and she was unaware when he had last seen the children; and that Stroup's prison sentence would not end until February 2029 if he was required to serve all of his time, although Stroup could possibly be released in February 2022. Anderson opined that termination of parental rights was in the juveniles' best interest because if they were returned home, they would be at risk of physical and emotional harm. She also testified that she saw no barriers to adoptability since the children are sweet kids and fun to be around.

### III. *Adverse Rulings*

The sole adverse ruling was the termination of Stroup's parental rights. Proof of only one ground is required to support the circuit court's termination of parental rights. *Shipp v. Ark. Dep't of Hum. Servs.*, 2020 Ark. App. 230, 599 S.W.3d 149. Stroup's parental rights were terminated on the ground that he had been sentenced in a criminal proceeding that constituted a substantial period of the children's lives. Ark. Code Ann. § 9-27-341(b)(3)(B)(viii) (Supp. 2021). It is the prison sentence, not the potential release date, that determines whether the statutory ground is satisfied. *Williams v. Ark. Dep't Hum. Servs.*, 2022 Ark. App. 162. Stroup had been incarcerated since before the children were taken into DHS custody in March 2021, and he had eight years remaining on his sentence at the time they were removed from Fernandez's custody. This constitutes a substantial portion of the children's lives. *Id.* Evidence supports this ground for termination, and any argument to the contrary would be frivolous.

The circuit court also found it was in the juveniles' best interest to terminate Stroup's parental rights. A best-interest finding must be based on the circuit court's consideration of at least two factors: (1) the likelihood that the child will be adopted if parental rights are terminated, and (2) the potential harm caused by continuing contact with the parent. *Baxter v. Ark. Dep't of Hum. Servs.*, 2017 Ark. App. 508. It is the overall evidence, not proof of each factor, that must demonstrate termination is in the children's best interest. *Id.*

With regard to adoptability, Anderson's unrebutted testimony indicated that there were no barriers hindering adoption of the children. A caseworker's testimony that a child is adoptable is sufficient to support an adoptability finding. *Williams*, *supra*.

As for potential harm, such analysis is to be conducted in broad terms and in a forward-looking manner. *Williams*, *supra*. The circuit court must consider harm to the children's health and safety that might occur from continued contact with the parent; there is no requirement to find actual harm would result or to identify the potential harm. *Honeycutt v. Ark. Dep't of Hum. Servs.*, 2021 Ark. App. 6, 615 S.W.3d 741. At the time of the termination of his parental rights in December 2021, Stroup was serving a prison sentence that was not due to end until 2029. Stroup was in no position to assume custody of his children given that he was still imprisoned; clearly, the children would be subjected to potential harm because his incarceration would prevent him from providing appropriate and stable housing for the children. Any argument to the contrary would be wholly frivolous.

Counsel concludes that the record clearly and convincingly supports the decision of the circuit court to terminate Stroup's parental rights, and any argument challenging the

6

statutory grounds or challenging the best-interest finding would be wholly without merit. From our review of the record and the brief presented to us, we hold that counsel has complied with the requirements for no-merit appeals and that the appeal is wholly without merit. The termination order is affirmed, and counsel's motion to withdraw is granted.

Affirmed; motion to withdraw granted.

GLADWIN and GRUBER, JJ., agree.

*Leah Lanford*, Arkansas Commission for Parent Counsel, for appellant.

One brief only.